IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO.<br>} |
| v. | }<br>} COMPLAINT<br>} |
| QUEST DIAGNOSTICS, INC. | }<br>} JURY TRIAL DEMANDED |
| Defendant. | }<br>} |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Paulette Grandison who was adversely affected by such practices. As alleged with greater particularity in paragraphs 12-26 below, the Defendant failed to accommodate Ms. Grandison's religious beliefs and subsequently terminated her employment because of her religious beliefs in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Section 2000e5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant has continuously been doing business in the State of Texas and the City of Dallas and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Paulette Grandison filed a charge of discrimination with the Commission alleging violations of Title VII by the Defendant.

7. On July 28, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated when the Defendant discriminated against Ms. Grandison. The Defendant was invited to join with

the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On or about August 18, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least September 2018, the Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by failing or refusing to reasonably accommodate the religious beliefs of Paulette Grandison.

13. Ms. Grandison is a Seventh Day Adventist.

14. Ms. Grandison has a sincerely-held religious belief that she cannot work on her Sabbath, from sundown on Friday to sundown on Saturday. This sincerely held religious belief also prohibits her from asking others to work for her on the Sabbath.

15. Ms. Grandison was hired by Defendant in or around August 2008 as a Phlebotomist in the Patient Services Department.

16. Ms. Grandison notified Defendant of her prohibition against working on her Sabbath.

17. Defendant approved Ms. Grandison's request for accommodation of her religious beliefs and did not schedule Ms. Grandison to work on her Sabbath for a 10-year period from August 2008 through September 2018.

18. Throughout this time period, Ms. Grandison performed successfully in her position and received positive evaluations.

19. On or about September 21, 2018, Ms. Grandison was notified by her supervisor that the Defendant would no longer be able to accommodate her religious prohibition against working on her Sabbath.

20. On September 21, 2018, Ms. Grandison sought confirmation from Defendant's Human Resources department that the Defendant could no longer accommodate her religious beliefs. Ms. Grandison received a written response from Human Resources on September 24, 2018, confirming that Defendant was denying her request for accommodation based on undue hardship.

21. Ms. Grandison provided documentation to Defendant from the Texas Conference of Seventh-Day Adventists attesting to her religious-based need to be excused from working on her Sabbath.

22. On March 4, 2019, Defendant's Human Resources department again denied her request and informed Ms. Grandison that providing her with this religious accommodation would place an undue hardship on other employees.

23. Ms. Grandison honored her religious obligation and called-out on every Saturday shift that she was scheduled to work following the revocation of her

accommodation: November 24, 2018, December 29, 2018, February 2, 2019, March 9, 2019, and April 14, 2019.

24. Defendant terminated Ms. Grandison's employment on April 25, 2019.

25. Defendant refused to reasonably accommodate the religious beliefs of Ms. Grandison by requiring that she work on her Sabbath.

26. Ms. Grandison was denied a reasonable accommodation of her religious beliefs and discharged by Defendant due to her religious beliefs.

27. The unlawful employment practices complained of in paragraphs 12-26 above were intentional.

28. The unlawful employment practices complained of in paragraphs 12-26 above were done with malice or with reckless indifference to the federally protected rights of Paulette Grandison.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion including the denial of accommodation of religious beliefs.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Paulette Grandison, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back

pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order the Defendant to make Paulette Grandison whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and fees and penalties resulting from early withdrawal of her 401K.

E. Order the Defendant to make Paulette Grandison whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

F. Order the Defendant to pay Paulette Grandison punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

SUZANNE M. ANDERSON
Acting Regional Attorney
Texas State Bar No. 14009470

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Texas Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (972) 918-3611
(FAX) (214) 253-2749