IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:20-cv-02939-E |
| v. | § § § | |
| QUEST DIAGNOSTICS, INC., | § § § | |
| Defendant. | § § § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendant Quest Diagnostics Incorporated ("Defendant") (together referred to as "the Parties").

## INTRODUCTION

EEOC instituted this action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of religion with respect to Paulette Grandison and to provide appropriate relief to Paulette Grandison, who allegedly was adversely affected by such practices. The Commission's complaint alleged that Defendant discriminated against Ms. Grandison by failing to accommodate her religious beliefs and subsequently terminating Ms. Grandison's employment because of her religious beliefs, in violation of Title VII.

Defendant denies the allegations in the Complaint and denies that it violated Title VII.

In the interest of resolving this matter, to avoid further costs, uncertainty, and inconvenience of litigation, and as a result of having engaged in comprehensive settlement

negotiations, the Parties have agreed that this action should be finally resolved. Accordingly, the EEOC and Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree"). This Consent Decree is final and binding on the Parties, and their respective successors and assigns.

This Consent Decree does not constitute an admission of liability on the part of any of the Parties or an admission, directly or by implication, that any of them have violated any law, rule or regulation, or any contractual right, or any other duty or obligation of any kind, including any duty or obligation owed to or allegedly owed to anyone. This Consent Decree shall not in any way be construed as an admission that the Parties or any of their representatives have acted wrongfully with respect to the other or any other person, but shall be construed strictly as an instrument to avoid litigation and to resolve disputed claims.

No waiver, modification or amendment of any provision of this Consent Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties only, this Consent Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

This Consent Decree fully and finally resolves the claims asserted by the Commission in the Complaint filed in this action styled *EEOC v. Quest Diagnostics, Inc*., Case 3:20-cv-02939-E (N.D. Tex.), and the underlying EEOC charge of discrimination, Charge No. 450-2018-07441.

This Consent Decree constitutes the complete understanding between the Parties with respect to the matters herein.

Nothing in this Consent Decree shall be construed to limit or reduce Defendant's ability to assert its legal defenses to any claims, suits, or causes of action, including, but not limited to,

claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

EEOC and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

## FINDINGS

The Court finds that:

(1) the Court has jurisdiction over the Parties and the subject matter of this action;

(2) the purpose and provisions of the Title VII will be promoted and effectuated by the entry of the Consent Decree; and

(3) this Consent Decree resolves all matters in controversy between the parties as provided in the paragraphs.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

## DURATION OF AGREEMENT

1. The effective date of this Consent Decree shall be the date when it is signed and filed by the Court.

2. The duration of this Consent Decree shall be three (3) years from its effective date. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. This Decree will not expire while any enforcement action concerning this Decree filed in this Court and served is pending. The duration of this Decree shall be extended by any time period required for the resolution of any such enforcement action.

## INJUNCTION AGAINST DISCRIMINATION

3. Defendant, and its managers, supervisors, officers, employees, agents, successors and assigns are enjoined from discriminating against any person on the basis of religion in violation of Title VII by:

   a. Failing to accommodate the religious beliefs or practices of applicants and employees whose religious beliefs prohibit working on his or her Sabbath, unless providing such accommodation would cause undue hardship; and,

   b. Terminating an employee where a motivating factor for the termination was

      i. the employee's religious belief that working on their Sabbath is prohibited, and/or

      ii. the result of non-accommodation of the employee's religious beliefs that working on their Sabbath is prohibited where there would be no undue hardship to Defendant as a result of the accommodation.

## MONETARY RELIEF

4. Defendant shall pay Paulette Grandison the sum of Ninety Thousand Dollars ($90,000.00) in settlement of the claims raised in this case. This amount includes Forty Five Thousand Dollars ($45,000.00) in backpay and lost benefits from which the Defendant will make deductions and withholdings required by law based on an IRS Form W-4 to be executed by Ms. Grandison and provided to Defendant before any monies are due, and for which an IRS Form W-2 will be issued. The remaining amount of Forty Five Thousand Dollars ($45,000.00) is for compensatory damages, from which no deductions will be made and for which Ms. Grandison will execute an IRS Form W-9 before any monies are due. Defendant will issue a 1099 for this remainder amount. Ms. Grandison will provide duly-signed IRS Forms W-4 and W-9 to Defendant

on or before the date the Court approves this Consent Decree. Defendant shall make payment by issuing checks payable to Paulette Grandison.  Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall mail the checks to Ms. Grandison at an address provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of their delivery to Ms. Grandison.

## TRAINING AND POLICY CHANGES

5. Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a written religious accommodation policy. The policy shall include, at a minimum, an explanation of: (a) the prohibition of discrimination on the basis of religion in all terms, conditions, and privileges of employment; (b) an employee's right to a reasonable accommodation of his/her personal religious beliefs or practices unless doing so would cause an undue hardship on the conduct of business; (c) an employee's right to be free from retaliation for requesting a religious accommodation; and (d) the availability of the Human Resources department to address religious accommodation requests, and related complaints about discrimination or retaliation. Defendant shall circulate a communication to employees informing them that the religious accommodation policy has been added to Defendant's Policies and Procedures page on the Quest Diagnostics intranet where other personnel policies are made available to employees, and provide employees with a link that will direct employees to the Policies and Procedures page that includes the religious accommodation policy. This communication will be made within the aforementioned 60-day time period. Within seventy-five (75) days of the entry of this decree, Defendant shall report compliance with this paragraph to the Commission. During the term of this Consent Decree, Defendant shall inform new employees at time of hire that they can access Defendant's Policies and Procedures page on the Quest

Diagnostics intranet and shall provide new employees with a link to access such policies and procedures.

  6.  Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall create a protocol for its Employee Relations department for use in effectively considering employees' requests for religious accommodation. The protocol shall provide instructions for taking and documenting the following steps: (a) determining whether the request is a request for religious accommodation; (b) determining the parameters of the request for accommodation; (c) determining what information is necessary to evaluating the request for accommodation; (d) determining the appropriate method of gathering all information necessary to evaluating the request for accommodation; (e) recording all information gathered in order to evaluate the request for accommodation; (f) recording all individuals involved in evaluating the request for accommodation and the nature of their involvement; (g) recording and preserving all substantive communications regarding the request for accommodation; and (h) recording the outcome of the request for accommodation, including an explanation of the reasons for denying or granting the request. The protocol shall further contain a statement reflecting Defendant's commitment to considering requests for reasonable accommodations for each employee's sincerely held religious beliefs. Within seventy-five (75) days of the entry of this decree, Defendant shall report compliance to the Commission.

  7.  Within ninety (90) days of the effective date of this Consent Decree, and for each year that this Consent Decree is in effect, Defendant shall provide annual mandatory training for all Quest Diagnostics Patient Services employees of the DFW East region, as well as the Patient Services Manager for that region and each Patient Services Supervisor who reports to that Manager.  For purpose of this consent decree, the Patient Services employees of the DFW East

region are defined as those Patient Services employees who fall under the territory of the Patient Services Manager to whom Grandison's supervisor directly reported at the time of Grandison's termination. The training may be provided by remote means such as Microsoft Teams or Zoom. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, its prohibition against discrimination based on religion, its statutory obligation to make reasonable accommodations for the religious observances of its employees unless doing so would cause an undue hardship on the conduct of business, and its prohibition against retaliation in the workplace against employees or applicants who make requests for religious accommodations. Each training program shall also include an explanation of Defendant's religious accommodation policy, described *supra* at Paragraph 5, and an explanation of the rights and responsibilities of employees and managers under Defendant's religious accommodation policy.

In addition to the foregoing training, Defendant shall provide annual mandatory training for its Employee Relations personnel who have been designated to address religious accommodation requests on the protocol described *supra* at Paragraph 6, for each year that this Consent Decree is in effect, which may be provided by remote means such as Microsoft Teams or Zoom.

Within ten (10) days after completion of each training program required by this Paragraph 7, Defendant shall certify to the Commission the specific religious accommodation training which was undertaken and shall provide the Commission with a roster of all individuals in attendance.

## REPORTING

8.  All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: Meaghan Kuelbs, Sr. Trial Attorney, EEOC, 207 S. Houston

Street, Dallas, TX 75202. All reports and other documents may be sent by email to: meaghan.kuelbs@eeoc.gov.

9. On a semi-annual basis beginning on the first March 31 after the effective date of this Consent Decree, Defendant shall provide the Commission with reports that include the following information:

    A. A certification that Defendant maintained compliance with the requirements of Paragraph 5;

    B. A certification that Defendant maintained compliance with the requirements of Paragraph 6;

    C. A certification that Defendant has conducted applicable trainings required by Paragraph 7;

    D. A certification that Defendant has maintained the posting required by Paragraph 10.

## DISTRIBUTION OF NOTICE

10. Within ten (10) days of the effective date of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall post a paper copy of the Notice appended hereto as Exhibit A in its Patient Service Centers that are under the territory of Grandison's supervisor at the time of the termination of her employment in a place where it is visible to all Patient Services employees who work at such Patient Service Center locations. Within fifteen (15) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

## COMPLIANCE

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, if it believes that Defendant is in violation of this Consent Decree, conduct reasonable and appropriate interview of employees, and make reasonable and

appropriate requests for documents from Defendant. After any such interviews and/or review of documents provided, EEOC shall give Defendant written notice of any alleged violation, and the Parties will follow the Dispute Resolution Procedure set forth below.

## DISPUTE RESOLUTION

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give written notice of the alleged violation to Defendant. Defendant shall have twenty-one (21) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of twenty-one (21) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

## ADDITIONAL TERMS

13. Defendant understands that Paulette Grandison shall direct any verbal or written inquiries about her employment with Defendant that are made by any prospective employers exclusively to The Work Number: 800-367-5690 (Employer Code: 11779). The Work Number shall provide employment verifications to the same extent that it does for other similarly situated employees of the Company, which will be limited to providing Ms. Grandison's dates of employment and job positions held.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Michelle Fefferman, Senior Corporate Counsel, Quest Diagnostics, 500 Plaza Drive, Secaucus, New Jersey 07094. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within thirty (30) days of the change.

15. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree, the jurisdiction of the federal district court to enforce this Consent Decree and its terms, or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party.  Nothing in this Decree shall be construed to preclude the authority of EEOC to enforce this Decree consistent with its terms. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court and will reserve the right to seek costs related to any efforts to secure such compliance.

16. Each party shall bear its own costs, including attorneys' fees incurred in this action.

DATED this __4th_____ day of __February_____, 2022.

_____
Honorable Ada Brown
U.S. DISTRICT COURT JUDGE

Agreed as to form and content:

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **QUEST DIAGNOSTICS, INCORPORATED, Defendant** |
| **s/ Robert A. Canino** | **s/ Scott M. McElhaney** |
| ROBERT A. CANINO<br>Regional Attorney<br>Oklahoma Bar No. 011782 | John A. Koepke<br>Texas Bar No. 11653200<br>Scott M. McElhaney<br>Texas Bar No. 00784555<br>smcelhaney@jw.com |
| SUZANNE M. ANDERSON<br>Supervisory Trial Attorney<br>Texas Bar No. 14009470 | **JACKSON WALKER LLP**<br>2323 Ross Avenue, Suite 600<br>Dallas, Texas 75201<br>214-953-6000 / 214-953-5822 fax |
| | **ATTORNEYS FOR DEFENDANT** |

MEAGHAN L. KUELBS
Sr. Trial Attorney
Texas Bar No. 24105277
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3611
(FAX) (214) 253-2749
Email: meaghan.kuelbs@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

**Exhibit A to Consent Decree**
*EEOC v. Quest Diagnostics, Inc.*, C.A. NO. 3:20-cv-02939-E

## NOTICE

**This Notice is posted under a Consent Decree entered by a Federal District Court in a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Quest Diagnostics Incorporated**

*Religious Discrimination:* Religious discrimination involves treating a person (an applicant or employee) unfavorably because of his or her religious beliefs. The law protects not only people who belong to traditional, organized religions, but also others who have sincerely held religious, ethical or moral beliefs. Religious discrimination can also involve treating someone differently because that person is married to (or associated with) an individual of a particular religion.

*Reasonable Accommodation:* Federal law requires employers to reasonably accommodate an employee's religious beliefs or practices, unless doing so would cause an undue hardship on the operations of the employer's business. This means an employer may be required to make reasonable adjustments to the work environment that will allow an employee to practice his or her religion. Examples of some common religious accommodations include flexible scheduling, voluntary shift substitutions or swaps, job reassignments, and modifications to workplace policies or practices, and allowing for religious observances and dress or grooming that do not cause an undue hardship to the business.

*Retaliation:* Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination and retaliation in the workplace. If you believe you have been discriminated or retaliated against for any reason, you may contact the EEOC at 207 S. Houston St., 3rd Floor, Dallas, TX, 75202, or call them (972) 918-3580. The EEOC enforces federal laws against discrimination in employment. More information about the EEOC can be found at www.eeoc.gov.

_____                    _____

Date                                      [Signature of Quest Representative]

**This Notice must remain posted until  _____, 202_.**

**CONSENT DECREE** - Page 12 of

31681944v.1